# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| TERRON COOK, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:06-CV-00057-RWS |
| ) | |
| JIM MOORE, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

On May 27, 2003, petitioner pled guilty to Count II of a two-count indictment, possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841. *United States v. Cook*, Case No. 4:03-cr-00046-RWS (E.D. Mo.). On August 15, 2003, the Court entered judgment and sentenced petitioner to a term of seventy-two months' imprisonment. *Id*. Petitioner did not file a direct appeal from the judgment of conviction and sentence. *Id*.

### Motion to Vacate

Petitioner alleges that the sentence that he received violated his rights under the Fifth, Sixth and Fourteenth Amendments to the United States Constitution. Petitioner argues that 1) his ineffective assistance of counsel claim is timely filed under the "equitable tolling doctrine" and 2) petitioner received ineffective assistance of counsel. Alternatively, petitioner argues that the Court should reduce his sentence based on the United States Supreme Court's decisions in *Blakely v. Washington*, 124 S.Ct. 2531 (2004) and *United States v. Booker,* 534 U.S. 220, 125 S.Ct. 738 (2005).

**Discussion**

Rule 4(b) of the Rules Governing § 2255 Cases in the United States District Courts provides that a District Court may summarily dismiss a § 2255 motion if it plainly appears that the petitioner is not entitled to relief.

**A.    Equitable tolling of the statute of limitations.**

Petitioner's § 2255 motion was filed outside the one-year limitation period. *See* 28 U.S.C. § 2255. The limitation period runs from the date on which the judgment of conviction becomes final. 28 U. S.C. § 2255(1); *Clay v. United States,* 537 U.S. 522, 524 (2003). Because petitioner did not file a direct appeal, his conviction became final ten days after the judgment was entered on August 15, 2003, or on August 29, 2003. *See* Fed. R. App. P. 26(a); 4(b)(1)(A)(i) (notice of appeal must be filed within ten days after entry of judgment). Petitioner had until August 29, 2004, in which to file his § 2255 motion. Thus, his motion filed January 12, 2006, was untimely.

Petitioner asserts that he did not file a direct appeal because he was expressly precluded from doing so by the plea agreement he entered into with the Government. Petitioner argues that the equitable tolling doctrine applies because he suffered from egregious conduct by his trial attorney, specifically that his trial attorney failed to reply to his communications and retained possession of documents that were crucial to petitioner's determining if he had any grounds for seeking post-conviction relief until after the deadline for filing his § 2255 had passed.

Petitioner's argument that the statute of limitations should be equitably tolled in this case fails because he cannot demonstrate that "extraordinary circumstances" beyond his control made it impossible for him to file this action on time. *See Paige v. United States*, 171 F.3d 559, 561 (8th Cir. 1999).

Petitioner is not entitled to equitable tolling on this ground for at least three reasons. First, petitioner, in filing his § 2255 motion approximately sixteen months beyond the statute of limitations deadline, has not demonstrated diligence in pursuing his rights. *U.S. v. Martin*, 408 F.3d 1089, 1093 (8th Cir. 2005) (citation omitted); *Jihad v. Hvass,* 267 F.3d 803, 805-06 (8th Cir.2001) (equitable tolling affords otherwise time-barred petitioner exceedingly narrow window of relief; equitable tolling is proper only when extraordinary circumstances beyond prisoner's control make it impossible to file petition on time); *Covey v. Arkansas River Co.,* 865 F.2d 660, 662 (5th Cir.1989) ("...[E]quity is not intended for those who sleep on their rights.").

Petitioner relies upon *U. S. v. Martin* to support his claim that equitable tolling is appropriate, but the attorney conduct identified therein was far more egregious than in the instant action. *See Martin,* 408 F.3d 1089, *supra*. In *Martin*, the attorney, who was retained to file a § 2255 petition, lied about the filing deadline, lied about the status of petitioner's case, refused to communicate with petitioner and his family, refused to return any of petitioner's paperwork in spite of his requests and neglected to file any documents on petitioner's behalf. *Martin*, 408 F.3d at 1095. Here, petitioner alleges that trial counsel, not an attorney specifically retained to file a § 2255 petition, failed, refused or neglected to return telephone calls and to turn over documents. There is no suggestion of deception or lack of knowledge of the filing deadline. *See, e.g., Dunlap v. U. S.*, 250 F.3d 1001, 1008-09 (6th Cir. 2001). Furthermore, petitioner retained his present counsel to handle post-conviction matters in September, 2004, after the one-year deadline had passed. Petitioner offers no explanation as to why he could not have had his case reviewed by an attorney within the statute of limitations period. *See Brooks v. United States*, 2004 WL 1842990, *2 (D.Minn. 2004) (unpublished) (no explanation as to why petitioner could not have had his case reviewed within the

3

statute of limitations) (citing *Paige*, 171 F.3d at 561) (denying petitioner's request for equitable tolling because the situation at bar was within the petitioner's control)). Petitioner has not shown diligence in pursuing his legal rights, and the alleged failings of trial counsel do not rise to the level of "extraordinary circumstances" to excuse such lack of diligence and warrant equitable tolling .

Second, petitioner's claim is, at least in part, attributable to his ignorance of the law, which the Court has found does not warrant equitable tolling. *U.S. v. McIntosh,* 332 F.3d 550, 551 (8th Cir. 2003) (*citing Cross-Bey v. Gammon,* 322 F.3d 1012, 1015-16 (8th Cir.2003) (unrepresented prisoner's lack of legal knowledge does not support equitable tolling). Third, "[i]neffective assistance of counsel, where it is due to an attorney's negligence or mistake, has not generally been considered an extraordinary circumstance in this regard." *Martin*, 408 F.3d at 1093 (*citing Beery v. Ault,* 312 F.3d 948, 951 (8th Cir.2002)). Thus, petitioner's motion must be dismissed because it is untimely and is not subject to equitable tolling.

### B. Retroactive application of *Booker* and *Blakely*.

Petitioner argues that *Booker* created new substantive law, not merely procedural law, and, thus, must be applied retroactively on collateral review. Alternatively, petitioner argues that *Booker* and *Blakely* implicate fundamental fairness under the second exception of *Teague v. Lane*, 489 U.S. 288, 109 S.Ct. 1050 (1989), for watershed new rulings.

In essence, petitioner is asserting that his motion falls under § 2255(3), which provides that the limitation period runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court, and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(3). Petitioner apparently is arguing that the Supreme Court's decisions in *Booker* and *Blakely* announced a new rule which is

4

retroactively applicable to cases on collateral review and, therefore, extends the period for the filing of his initial § 2255 motion.

Petitioner's argument is without merit. In *United States v. Moss*, 252 F.3d 993 (8th Cir. 2001), the Eighth Circuit Court of Appeals held that *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348 (2000), was not of watershed magnitude and that the holding of *Teague v. Lane*, 489 U.S. 288 (1989) barred the retroactive application of an *Apprendi* claim on collateral review. Similar reasoning prevents either *Booker* or *Blakely* from being applied retroactively in the instant case.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [Doc. 1] be **DENIED**, without prejudice, as time-barred.

An appropriate order will accompany this memorandum and order.

Dated this 24th day of January, 2006

_____
**UNITED STATES DISTRICT JUDGE**